IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Occidental Hotels & Resorts, | NO. C 06-03878 JW |
|         Plaintiff,<br>  v. | **ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE** |
| FS Suntours, Inc., | |
|         Defendant. | |
| _____ / | |

Occidental Hotels & Resorts ("Plaintiff") filed this diversity action against FS Suntours, Inc. ("Defendant") on June 26, 2006. (See Docket Item No. 1.) Defendant was served on July 10, 2006. (See Docket Item No. 4.) After Defendant failed to answer, Plaintiff requested an entry of default. (See Docket Item No. 7.) The Clerk entered default on August 9, 2006. (See Docket Item No. 8.) Plaintiff filed a motion for default judgment on October 16, 2006. (See Docket Item No. 11.) However, Plaintiff failed to properly notice a hearing date for its motion. Plaintiff also failed to submit briefs, supporting documents, and proof of damages in accordance with the Civil Local Rules. On September, 28, 2007, the Court denied Plaintiff's motion for default judgment without prejudice to being renewed. The Court gave Plaintiff to November 5, 2007 to refile its motion. (See Docket Item No. 24.) To date, Plaintiff has not yet renewed its motion for default judgment and has failed to otherwise prosecute this case.

On February 29, 2008, the Court issued an Order to Show Cause as to why this case should not be dismissed for lack of prosecution. Plaintiff was to file a certification on or before March 7,

1  2008. Plaintiff failed to file a certification as required by the Court. The Court conducted a hearing
2  on March 17, 2008. Plaintiff also failed to appear for the hearing.

3  A district court has the authority to dismiss a case for lack of prosecution pursuant to its
4  inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R.
5  Co., 370 U.S. 626 ( 1962). Rule 41(b) states in pertinent part: "For failure of the plaintiff to
6  prosecute or to comply with these rules or any order of the court, a defendant may move for
7  dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision
8  . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). "This power is necessary to
9  prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of
10 harassment of a defendant." Medeiros v. U.S., 621 F.2d 468, 470 (1st Cir. 1980).

11 By not filing a certification or appearing at the Show Cause hearing, Plaintiff failed to
12 comply with the Court's Order in violation of its duty to prosecute this case. In addition, Plaintiff's
13 failure renew its motion for default judgment within the time frame given by the Court demonstrates
14 that it has abandoned this litigation.

15 Accordingly, the Court DISMISSES this case for lack of prosecution pursuant to Rule 41(b)
16 Fed. R. Civ. P.

18 Dated: March 21, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Russell Shane shanetaitz@aol.com
Robert J. Taitz shanetaitz@aol.com

**Dated: March 21, 2008**                                    **Richard W. Wieking, Clerk**

                                                              **By:  /s/ JW Chambers**
                                                                    **Elizabeth Garcia**
                                                                    **Courtroom Deputy**

United States District Court
For the Northern District of California